Rogers, J.
The facts of this cause have been well stated by the president of Court of the Common Plea's. It will be sufficient to refer to some established principles which govern this case, and, in my judgment, it is divested of its chief difficnlty.
Covenant lies on privity of contract, and also on a privity of estate. An assignment does not relieve the covenantor from his personal liability, for he is responsible from privity of contract, but it discharges the assignee who assigns, for. he is liable from privity of estate, and is charged merely because he enjoys the income, if any? and has the possession. The assignee, when the covenant runs with the land, takes it cum■ oriere, and the covenants affect the owner of the title. • Where there is no adverse possession, the law adjudges the possession in him who has the right, and hence if is that the owner of wild and uncultivated land is deemed a possessor, so as to support trespass quare clausum fregit. 3 Serg. & Rawle, 513. It is equally well settled, that the title of the cesiuy que trust is recognised in the common law courts, and that in Pennsylvania he can support ejectment in his own name. From these principles which it is unnecessary to prove by authority, it results that there was but a single question of fact involved, what was the nature of the transactions between M'Mullen and Mercer. Was it a bona fide sale of the interest of Maúllen to Mercer, a substitution of Mercer as the purchaser from the sheriff, or was *88 Mercer a mere trustee for MMullenl If Mercer be the owner of the legal and equitable interest, the authorities relied on, Strangé, 1220, 2 JltJe. 546, (and which we do not intend to dispute,) apply with their utmost force. If, however, it was a mere mode of conveyance, Mercer having the legal and McMullen the beneficial interest, the possession of the property, the receipts of the benefits will render him liable to this suit, There exists the privity of estate, which alone is necéssary to sustain covenant. Not to apply these rules to this transaction, would place the ground landlord, where there was nothing, as here, on the premises to distrain,, in some measure, in the power of the owner of the fee, without exposing him at the same time to any inconvenience or risk. It would be for him to convey to an insolvent trustee, under the sanction of whose name he would retain possession, have the equitable title, and enjoy the profits of the property. It is not necessary that he should actually receive profits, or be in the actual possession of the land. It is sufficient that he is the owner of the equitable interest, and in the constructive possession; that he may improve the property if he chooses, and receive the income; or, may await, at his pleasure, and as he conceives to be his interest, a rise in its value. The laws regards substance, not form; and looks to a real transfer of property, not to a mere formal conveyance in which the legal title is in one, and the equitable title in another. It will be observed, that we do not intend to express any opinion on the facts. They were properly left by the court, in the first instance, to the jury, but afterwards withdrawn from them; in which I conceive there was manifest error.
Judgment reversed, and a venire facias de novo awarded.